**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Julia Beth Coda, | No. CV-25-03055-PHX-DWL (ASB) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| v. | |
| Warden Gunther, et al., | |
| Respondent. | |

**TO THE HONORABLE DOMINIC W. LANZA, UNITED STATES DISTRICT JUDGE:**

Pending before the Court is Petitioner Julia Beth Coda's pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1).  Petitioner is in the custody of the Federal Bureau of Prisons ("BOP").  Respondent timely filed an Answer to the Petition (Doc. 17), and no Reply followed.  For the reasons that follow, undersigned recommends the Petition for Writ of Habeas Corpus be denied and dismissed without prejudice.

**I.   BACKGROUND**

Petitioner filed her Petition on August 25, 2025. (Doc. 1.) Petitioner is serving a sentence of 57 months' imprisonment for a conviction in the United States District Court for the Central District of California for Use of Interstate Commerce Facilities in the Commission of a Murder-for-Hire, in violation of 18 U.S.C. §§ 1958.  (Doc. 17-1 at 13.) At the time she filed the Petition, Petitioner was incarcerated at the minimum security satellite camp located at the Federal Correctional Institution-Phoenix ("FCI-Phoenix"), in

Phoenix, Arizona, in the District of Arizona. (Doc. 1 at 1.) Now, Petitioner remains in the custody of the Federal Bureau of Prisons, but it appears that she has been transferred prerelease custody at a "halfway house" overseen by BOP's Residential Reentry Management field office in Long Beach California, located in the Central District of California.[1] *See* Federal BOP, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited February 13, 2026). Indeed, Petitioner apparently sent an email to the Clerk of Court on January 26, 2026, indicating she would be housed at a halfway house in California effective February 3, 2026. (Doc. 18.)

In her Petition, Petitioner includes two Grounds. In her first Ground, she argues that BOP has refused to accurately calculate her sentence to reflect 65 federal time credits (FTCs) that she earned by successfully completing programming under the First Step Act ("FSA") for 195 days. (Doc. 1 at 6, 17.) Second, Petitioner contends she "has the right to obtain her accurately stacked First Step Act and Second Chance Act credits in accordance with the Director of BOP's memo (dated 6/17/25) instructing [P]etitioner to be eligible to be transferred into prerelease custody." (*Id.* at 7.) Essentially, Petitioner contends she was engaging in programming (for which she is eligible for FTCs) when she inadvertently declined to participate in another mandatory program. (*See id.* at 12.) Petitioner's declination was reversed within a day. (*Id.*) However, due to that apparently inadvertent declination, Petitioner was disallowed for the entire period of time she had programmed (195 days, or 65 FTCs). (*Id.*) Petitioner argues she should receive those credits. (*Id.*)

Petitioner asserts she exhausted her administrative remedies within BOP before filing her Petition, and she provides documentation to support that assertion. (Doc. 1 at 2-4, Doc. 1-1 at 23-39.) For relief, Petitioner requests she be credited with those 65 FTCs and "order the BOP to accurately stack First Step Act and Second Chance Act credits in accordance with the Director of BOP's memo (dated 6/17/25) instructing [P]etitioner to be eligible to be transferred into prerelease custody." (Doc. 1 at 7.)

---

[1] The Court takes judicial notice of the BOP Inmate Locator, which is publicly available on the BOP's website. *See United States v. Basher*, 629 F.3d 1161, 1165 n.2 (9th Cir. 2011) (taking judicial notice of same).

In his Answer to the Petition, Respondent argues that the Petition is not ripe, the Court "lacks subject matter jurisdiction to review [BOP's] placement decisions and individualized determinations regarding prerelease custody placement of inmates still in Bureau custody", and Petitioner does not have a liberty interest in the application of the credits for early release. (*Id.* at 5-6, 9-10.)

**II. DISCUSSION**

Writ of habeas corpus relief extends to a person in federal custody if the federal prisoner can demonstrate he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal prisoner may seek a writ of habeas corpus to challenge the manner of the execution of his sentence pursuant to 28 U.S.C. § 2241. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000); *Tucker v. Carlson*, 925 F.2d 330, 331 (9th Cir. 1990) (challenges to the execution of a sentence are "maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241"); *see also United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984) (holding that a petitioner may challenge the execution of a sentence by bringing a petition under 28 U.S.C. § 2241). Petitioner challenges the execution of her sentence.

**A. Venue**

When Petitioner filed her Petition, she was incarcerated at FCI-Phoenix in the District of Arizona. (*See* Doc. 1.) As discussed *supra*, Petitioner has since been transferred to prerelease custody in the Central District of California. Because Petitioner was confined in this District when she filed the Petition, this Court properly has jurisdiction. *See Brown v. United States*, 610 F.2d 672, 677 (9th Cir. 1990) (§ 2241 petition must be brought in the district of confinement). This Court may continue to exercise jurisdiction, notwithstanding Petitioner's transfer outside of this District. *See Johnson v. Gill*, 883 F.3d 756, 761 (9th Cir. 2018); *see also Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990) ("'[J]urisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change.'" (quoting *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985))). Venue is therefore proper in the

District of Arizona.

### B.  Subject Matter Jurisdiction

"Federal courts are always 'under an independent obligation to examine their own jurisdiction,' … and a federal court may not entertain an action over which it has no jurisdiction."  *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (quoting *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990)).  To determine the issue of subject matter jurisdiction, the Court considers the relevant statutory scheme and controlling case law.

The FSA, enacted in 2018, included an amendment to 18 U.S.C. § 3624 concerning the FSA's creation of an earned time credit system. *Bottinelli v. Salazar*, 929 F.3d 1196, 1197 (9th Cir. 2019). The FSA added subsection (g) to 18 U.S.C. § 3624 for that purpose; § 3624(g) "details the criteria for when a prisoner becomes eligible, considering earned time credit, for transfer to prerelease custody or supervised release."  *Id.* at 1198.  Thus, FSA credits often operate to make a prisoner eligible for an earlier release date.

Persons who "suffer[] legal wrong because of agency action" may generally seek judicial review of the agency action, unless another statute provides otherwise.  *Reeb v. Thomas*, 636 F.3d 1224, 1226 (9th Cir. 2011) (quoting 5 U.S.C. § 702).  In *Reeb*, the Ninth Circuit considered the effect of 18 U.S.C. § 3625 on a prisoner's ability to challenge a discretionary determination made by BOP under 18 U.S.C. § 3621 through a petition for habeas corpus under 28 U.S.C. § 2241. The Circuit observed that 18 U.S.C. § 3625 specifically states judicial review under the Administrative Procedure Act (5 U.S.C. §§ 701-706) does not apply to "'any determination, decision, or order' made pursuant to 18 U.S.C. §§ 3621-3624."  *Id.* at 1227.  The *Reeb* court continued, "[a] habeas claim cannot be sustained based solely upon the BOP's purported violation of its own program statement because noncompliance with a BOP program statement is not a violation of federal law."  *Id.* (citing *Jacks v. Crabtree*, 114 F.3d 983, 985 n.1 (9th Cir. 1997) and *Reno v. Koray*, 515 U.S. 50, 61 (1995)). *Reeb* held that when a prisoner's "habeas petition alleges only that the BOP erred in his particular case," the district court lacks jurisdiction to adjudicate the

merits of that petition. *Id.* at 1228-29. However, when a habeas petition alleges "that BOP action is contrary to established federal law, violates the United States Constitution, or exceeds its statutory authority," judicial review "remains available." *Id.* at 1228.

Under *Reeb*, this Court considers Petitioner's specific challenge in her instant Petition. 636 F.3d at 1228-29. Petitioner alleges in her Petition that BOP failed to credit her for the 195 days she was programming, for a total of 65 FTCs. (Doc. 1 at 7.) She argues that BOP is acting contrary to the FSA's language the prisoners shall be released if eligible, and therefore this Court has jurisdiction. (*See id.* at 13.) It appears, though, that Petitioner's challenge is to BOP's individualized determination of her eligibility for credits under § 3624(g), the type *Reeb* would indicate is exempted. Thus, the Court could arguably dismiss the Petitioner for lack of subject matter jurisdiction. *See Reeb*, 636 F.3d at 1228. In any event, though, the Petition is premature, as described *infra*, and undersigned recommends dismissal on that basis.

**C. Ripeness**

Respondent argues Petitioner lacks standing because the Petition is not ripe. (Doc. 17 at 5.) Respondent asks the Court to deny the Petition as premature "because Petitioner's remaining term of imprisonment exceeds her FSA time credits" and Petitioner is therefore "not eligible to have those ETCs applied to her sentence computation." (*Id.* at 8.)

"A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (quoting *Thomas v. Union Carbide Agricultural Prods. Co.*, 473 U.S. 568, 580-81 (1985) (internal quotations omitted)). The ripeness doctrine is designed "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 807-08 (2003) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148-49 (1967)).

- 5 -

"Under 18 U.S.C. § 3624(g)(1)(A), FSA earned time credits can be applied toward prerelease custody or supervised release only when accumulated credits are equal to the remainder of the prison term." *Turner v. Heisner*, CV-22-00178-PHX-JAT (ESW), 2022 WL 2195348, at *3 (D. Ariz. May 16, 2022). "District courts throughout the Ninth Circuit (including within the District of Arizona) have cited [18 U.S.C. § 3624(g)(1)(A)] in finding § 2241 petitions premature because they cannot award the relief sought under the FSA until the petitioner's recalculated time credits would equal the remainder of the imposed term of imprisonment." *Cook v. Gunther*, No. CV-25-00966-PHX-KML, 2025 WL 3170931, at *1 (D. Ariz. Nov. 13, 2025) (citations omitted) (finding petition premature and declining to consider other arguments in petition due to lack of ripeness).

At the time of Respondent's Answer, Petitioner's projected release date, assuming good conduct but excluding the application of earned time credits ("ETCs"), was April 1, 2028. (Doc. 17 at 6.)  That is 848 days from the date the Answer was filed on December 5, 2025.  By December 5, 2025, Petitioner had accumulated 180 days of credits, and thus, was ineligible to apply those credits because 180 days is less than 848 days. (*See id.*) Moreover, Respondent points out that even if this Court were to apply the additional credits that Petitioner seeks, the number of days of credits would still far short of the number of days needed (848).[2]

To the extent that Petitioner is asking the Court to require that the BOP apply her credits toward prerelease or supervised release, her request is not ripe for review because she is not yet eligible for application of the credits. *See Cook*, 2025 WL 3170931, at *1 (citing *inter alia Tapia v. Barron*, 2:23-cv-01531-BJR-BAT, 2024 WL 2946184, at *4-5 (W.D. Wash. Jan. 12, 2024) ("[T]he Court finds because Petitioner is not yet eligible for

---

[2] Undersigned further observes that Petitioner is now at a halfway house.  Although someone housed at such a facility remains "in custody" for purposes of habeas relief, undersigned notes that part of Petitioner's requested relief is transfer to prerelease custody. (*See* Doc. 1 at 7.)  Thus, to the extent that Petitioner seeks to be transferred to prerelease custody, that portion of the Petition would appear to be moot. *See Bisel v. Birholz*, No. CV 22-7266 CJC, 2023 WL 2356691, at *1 (C.D. Cal. Feb. 22, 2023) (dismissing § 2241 petition as moot where prisoner sought transfer to halfway house and was so transferred during the pendency of the petition) (citing *Green v. Jenkins*, 859 Fed. App'x. 186, 197 (9th Cir. 2021)).

application of time credits under the FSA, even though she may have accrued some credits, her § 2241 Petition is not ripe for review and subject to dismissal without prejudice.") and *Turner*, 2022 WL 2195348, at *3 ("Because Petitioner is not yet eligible for application of time credits under the FSA, the undersigned is persuaded by Respondent's argument that the § 2241 Petition is not ripe for review."). Indeed, Petitioner has "failed to establish an immediate injury that would be redressed by the relief that she seeks." *Ford v. Chapman*, 371 F. App'x 513, 513 (5th Cir. 2010); *see also Tumbaco v. Birkholz*, No. 2:23-cv-10663-FMO-AJR, 2024 WL 47440235, at *2 (C.D. Cal. Oct. 9, 2024) ("[W]here, as here, a prisoner alleges they were denied time credits under the FSA, the ripeness requirement is not met until a favorable disposition of their claim would result in immediate release."), *report and recommendation adopted*, 2024 WL 4839791 (C.D. Cal. Nov. 20, 2024). Therefore, undersigned concludes the Petition is not ripe and recommends dismissing the Petition without prejudice.

## RECOMMENDATION

Based on the foregoing,

**IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

## EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114,

1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 13th day of February, 2026.

Honorable Alison S. Bachus
United States Magistrate Judge